IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gregory Tucker Windley, #292034, ) | |
| ) | CA No. 1:11-2304-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| A.J. Padula, Warden of Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Gregory Tucker Windley (Windley), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The respondent filed a return to the petition and motion for summary judgment on September 2, 2011. (Dkt. Nos. 24, 25.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 33.)[1] The Report recommends granting the respondent's motion for summary judgment. The court adopts the Report and grants the motion for summary judgment.

**I.**

Windley was indicted in Florence County General Sessions Court in October 2001 for criminal sexual conduct in the first degree (CSC), kidnapping and burglary in the first degree, and possession of a knife during the commission of a violent crime. The charges stem from an incident

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

during which Windley allegedly assaulted, bound, gagged, and sexually assaulted his girlfriend's daughter. A Florence County jury convicted Windley of the CSC, kidnapping, and weapons charges. The jury acquitted him on the burglary charge. The circuit judge sentenced Windley to 30 years imprisonment for CSC, 30 years concurrent for kidnapping, and 5 years consecutive for the weapons charge. Following his conviction, Windley filed a number of post-conviction actions:

1. He timely filed an appeal with the South Carolina Court of Appeals, which was dismissed. The remittitur was issued on September 15, 2005.

2. Windley filed a *pro se* post-conviction relief (PCR) application in the state circuit court on September 13, 2005, which was amended February 6, 2006, February 14, 2006, March 27, 2006, April 10, 2006, and March 26, 2008. He alleged various grounds of ineffective assistance of trial and appellate counsel. Following an evidentiary hearing, the PCR judge dismissed the application with prejudice on January 9, 2009.

3. Windley filed a writ of certiorari with the South Carolina Supreme Court following the denial of his PCR application. The Supreme Court denied his petition, and the remittitur was issued on July 21, 2001.

4. Windley then filed his petition for a writ of habeas corpus on August 18, 2011.

He raises the following claims:

> **Ground One:** *Batson v. Kentucky,* 476 U.S. 79 (1986), challenge for the use of a peremptory challenge for a racially-discriminatory purpose offends the Equal Protection Clause.
>
> **Ground Two:** Did the PCR court error when it ruled trial counsel not ineffective in failing to investigate and hire a DNA expert?
>
> **Ground Three:** Did the state's withholding of exculpatory evidence violate Windley's due process rights?
>
> **Ground Four:** Did the PCR court violate Petitioner's 5th and 14th Amendment rights to

due process by not ruling on all PCR issues?

**Ground Five:** Did the state's stipulation violate Windley's constitutional rights to confront witnesses against him?

The respondent filed a return and motion for summary judgment on January 20, 2021. (Dkt. Nos. 24, 25.) Following Tate's response (Dkt. No. 30), the magistrate judge filed the Report, recommending that the respondent's motion for summary judgment be granted. The magistrate judge reasoned that Windley's Grounds Three, Four, and Five are procedurally barred because they were not raised in his direct or PCR appeals and he has not shown sufficient cause and prejudice to excuse his default.[2] As to Ground One, the magistrate judge reasoned that the trial court did not err in finding that the peremptory strikes complied with *Batson*. As to Ground Two, the magistrate judge recommended finding that Windley's trial counsel was not ineffective for failing to introduce a DNA expert at trial.

## II.

### A.

Windley timely filed objections to the Report. (Dkt. No. 35.) The vast majority of his "objections" consist of reiteration of his arguments, the verbatim copying of portions of the Report, and the verbatim copying of portions of the opinion in *Martinez v. Ryan*, 132 S.Ct 1309 (2012). Most of the document is non-specific and does not directly respond to the Report. These "objections" are dismissed, particularly as to Grounds One, Two, Three, and Five. *See* 28 U.S.C. 646(b)(1) ("[The district court] shall make a de novo determination of those portions of the report . . . *to which objection is made.*") (emphasis added); s*ee also United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) ("[A] party . . . waives a right to appellate review of particular issues by failing

---

[2] The magistrate judge also reasoned that Ground Four is not a claim cognizable in a federal habeas action.

to file timely objections specifically directed to those issues.").

**B.**

However, the court is able to construe a single specific objection: Windley claims that the opinion in *Martinez* allows him to overcome his procedural default as to Ground Four for failure to raise this issue on direct appeal or in his PCR appeal. Ground Four is Windley's claim that the PCR court erred in not ruling on all of the issues presented. The Report, and the respondent in large part, treated this claim as not cognizable in a federal habeas action. To the extent that Windley's claim is directed at the PCR process, the court agrees. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (stating the well-settled rule that infirmities in state post-conviction actions are not matters that may be addressed in federal habeas actions). However, the court, under its charge to liberally construe claims by pro se litigants, C*ruz v. Beto*, 405 U.S. 319 (1972), views this claim as a claim for ineffective assistance of PCR counsel for failure to file a motion under Rule 59(e), SCRCP with the PCR court. Nonetheless, the court finds this objection unpersuasive.

The court notes at the outset that *Martinez*, 132 S.Ct. 1309, is inapplicable here. In Martinez, the question before the court was "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id*. at 1313. Here, Windley brought ineffective assistance of trial claims in his PCR application, which were ruled upon by the PCR court. (See Dkt. Nos. 24-6 at 52-106, Dkt. No. 24-7 at 39-47.)

Windley's argument, then, as construed by this court, is that PCR counsel was ineffective for failing to file the Rule 59(e) motion. That argument was not raised on PCR appeal and is thus

procedurally barred.[3] *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (stating that procedural bar of a constitutional claim in an earlier state proceeding forecloses consideration by federal courts).[4]

Of course, as the magistrate discusses extensively, a procedural default may be excused by showing cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation. *Id*. at 533. If a petitioner cannot show cause and prejudice, a federal court will refuse to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Cause may be proven if the petitioner can demonstrate ineffective assistance of counsel relating to the default. *Smith v. Murray*, 477 U.S. at 495. As noted above, *supra* n. 3, Windley does not allege his PCR appellate counsel was ineffective for failing to bring this claim. Furthermore, Windley cannot show actual prejudice stemmed from the failure of PCR counsel to bring the Rule 59(e) motion.[5] As noted by the respondent, Windley's PCR counsel acknowledged Windley's request to file a Rule 59(e) motion if necessary—and determined such a motion was unnecessary in his professional opinion after the PCR hearing. (Dkt. No. 24 at 22.) Therefore, the court concludes that Windley has not shown sufficient cause and prejudice to excuse his default as to this claim.[6]

### III.

After a thorough review of the Report and the record in this case, the court adopts the

---

[3] Furthermore, Windley does not argue that his PCR appellate counsel, the South Carolina Office of Appellate Defense, was ineffective for failing to raise this issue on PCR appeal.

[4] *See also, generally*, Report at 7 – 12, for a discussion of exhaustion and procedural bar on habeas review (Dkt. No. 33).

[5] Though not raised by Windley, PCR appellate counsel's decision to not raise the Rule 59(e) motion issue is directly related to the propriety of PCR counsel's decision to not file a Rule 59(e) motion.

[6] As the magistrate judge notes, in the alternative to showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Windley has not shown that his alleged errors resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995).

Report and incorporates it herein. (Dkt. No. 33.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 25.) The petitioner's petition for a writ of habeas corpus is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
September 27, 2012